UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER LUU,<br><br>        Plaintiff,<br><br>    -v.-<br><br>BLUESTAR ALLIANCE LLC,<br><br>        Defendant. | 22 Civ. 07094 (JHR)<br><br>NOTICE OF REASSIGNMENT |

JENNIFER H. REARDEN, District Judge:

  This case has been reassigned to this Court. All counsel and *pro se* Plaintiffs must familiarize themselves with the Court's Individual Rules and Practices, which are available at https://nysd.uscourts.gov/hon-jennifer-h-rearden, including the Court's Individual Rules and Practices in Civil *Pro Se* Cases. Unless and until the Court orders otherwise, all prior orders, dates, and deadlines shall remain in effect notwithstanding the reassignment. Any conference or oral argument before or directed by the Magistrate Judge will proceed as ordered. However, all previously scheduled appearances or conferences before the District Judge are hereby adjourned pending further notice from the Court.

  If this case has been settled or otherwise terminated, the parties should ensure that a stipulation of discontinuance, voluntary dismissal, or other appropriate proof of termination is filed on the docket prior to the joint letter submission deadline, using the proper ECF Filing Event. *See* S.D.N.Y. Electronic Case Filing Rules & Instructions §§ 13.17-13.18, 13.20, *available at* http://nysd.uscourts.gov/ecf_filing.php. Requests for extensions or adjournment of dates not affected by this Order may be made only in accordance with the Court's Individual Rules and Practices, including the Court's Individual Rules and Practices in Civil *Pro Se* Cases, which are available at https://nysd.uscourts.gov/hon-jennifer-h-rearden.

The Clerk of Court shall mail this Order, along with Judge Rearden's Individual Rules and Practices in Civil Cases and Individual Rules and Practices in Civil *Pro Se* Cases, to the *pro se* Plaintiff.

SO ORDERED.

Dated: January 25, 2023
       New York, New York

*[signature]*
JENNIFER H. REARDEN
United States District Judge

Effective: January 9, 2023

# INDIVIDUAL RULES AND PRACTICES IN CIVIL *PRO SE* CASES
## JENNIFER H. REARDEN, United States District Judge

*Pro Se* **Office**
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007
(212) 805-0175

## COMMUNICATIONS

1. *Pro se* **parties may not contact the Court directly.** All communications with the Court by a *pro se* party (including written, electronic, and telephone communications) should be addressed to the *Pro Se* Office.

2. Each *pro se* party must maintain a current mailing address of record. If a *pro se* party's mailing address changes, the *pro se* party must inform the *Pro Se* Office promptly. *Pro se* parties may use the S.D.N.Y. [Notice of Change of Address Form](#) for this purpose. If a *pro se* party fails to maintain a current mailing address of record, the *pro se* party's claims may be dismissed.

3. Unless otherwise provided in these Rules and Practices, communications with the Court by parties represented by counsel in a civil *pro se* case shall be governed by Judge Rearden's Individual Rules and Practices in Civil Cases.

4. All requests for adjournments or extensions of time must be made in writing and must state: (1) the original date; (2) the number of previous requests for adjournment or extensions of time; (3) whether those previous requests were granted or denied; (4) the reason(s) for the requested extension; (5) whether the adversary consents, and, if not, the reason(s) given by the adversary for declining to consent; and (6) the date of the parties' next scheduled appearance before the Court, as well as any other existing deadlines, and whether the requested adjournment or extension would affect those other deadlines or any other scheduled dates.

   Requests for extensions of deadlines regarding a matter that has been referred to a Magistrate Judge shall be addressed to that Magistrate Judge. **Absent an emergency, any request for an extension or adjournment shall be made at least two business days prior to the scheduled deadline or date**. Requests for extensions made after the expiration of the original deadline or date will ordinarily be denied.

## **FILING OF PAPERS**

5. No documents or court filings may be sent directly to Chambers.  A *pro se* party may instead file papers with the Court by:

    i. Delivering them in person to the *Pro Se* Office at 40 Foley Square, Room 105, New York, New York 10007;

    ii. Mailing them to the *Pro Se* Intake Office at 500 Pearl Street, New York, New York 10007 (Attention: *Pro Se* Intake);

    iii. Emailing them as an attachment in PDF format to Temporary_Pro_Se_Filing@nysd.uscourts.gov, in which case the *pro se* party should follow the instructions contained in the April 1, 2020 Addendum to the S.D.N.Y. Electronic Case Filing Rules and Instructions; or

    iv. Filing them on ECF, if the *pro se* party has filed a Motion for Permission for Electronic Case Filing (available online and in the *Pro Se* Office) and been granted such permission by the Court.

6. To ensure timely service of documents, including Court orders, non-incarcerated *pro se* parties are encouraged to consent to receive electronic service through ECF.  To do so, a *pro se* party should review the *Pro Se* Consent to Receive Documents Electronically instructions, and then submit a Consent to Electronic Service.

7. If a *pro se* party consents to electronic service, or if the Court grants a Motion for Permission for Electronic Case Filing on ECF under Rule 5.iv, that party **will not receive hard copies of any document filed on ECF or served by email**.

8. Absent a *pro se* party consenting to receipt of electronic service, counsel in *pro se* cases must serve a *pro se* party with a paper copy of any document that is filed electronically and must file with the Court a separate Affidavit of Service.  Submissions filed without proof of service on the *pro se* party will not be considered.

## **DISCOVERY**

9. All requests for discovery by a *pro se* party should be sent to counsel for the party from whom discovery is sought (if the party is represented by counsel).  Discovery requests should not be sent to the Court.  In the event of any discovery disputes, the parties are required to confer in an effort to resolve the dispute without Court intervention.  If the parties are unable to resolve their dispute, either party may file a letter-motion, **not to exceed six double-spaced pages**, explaining the nature of the dispute and requesting an informal conference.  The opposing party must promptly file any responsive letter, which shall **not exceed six double-spaced pages**.

## MOTIONS

10. Any requests for relief, other than requests for an informal conference to address a discovery dispute as per Rule 9, shall be submitted in the form of a motion that conforms to the requirements of Local Civil Rule 7.1 of the S.D.N.Y. Local Rules.

11. **Filing and Service.**   Unless otherwise ordered by the Court, oppositions to motions shall be served and filed **within four weeks** of receipt of the motion papers, and reply papers, if any, shall be served and filed **within two weeks** of receipt of opposition papers.  Motion papers are deemed filed and served pursuant to this Rule in accordance with the S.D.N.Y. Electronic Case Filing Rules and Instructions, the Federal Rules of Civil Procedure, and the S.D.N.Y. Local Rules.  Pursuant to Sections 3 and 9 of the Electronic Case Filing Rules and Instructions:

    i.   Where documents are filed on ECF, a document filed electronically is deemed filed on the date and time stated on the Notice of Electronic Filing from the Court.  Electronic service is complete for parties who are ECF users and have received a Notice of Electronic Filing (and for service on *pro se* parties, only following the Court's approval of a Motion for Permission for Electronic Case Filing, as per Rule 5.iv, or the *pro se* party's consent to electronic service according to Rule 6, above).

    ii.  Attorneys and *pro se* parties who are not ECF users must be served with a paper copy of any electronically filed pleading or other document.  Service of such paper copy must be made according to the Federal Rules of Civil Procedure and the Local Rules.  Such paper service must be documented by electronically filing a proof of service.  Where the Clerk scans and electronically files pleadings and documents on behalf of a *pro se* party, the associated Notice of Electronic Filing constitutes service.  For *pro se* litigants, paper documents filed with the Court, and subsequently scanned and docketed to the ECF system, shall be deemed filed on the date the documents are received by the Court.

12. **Oral Argument.**   Unless otherwise ordered by the Court, argument will not be heard.

## INITIAL CASE MANAGEMENT CONFERENCE

13. The Court will convene an initial case management conference for such purposes as expediting disposition of the action, addressing scheduling, and facilitating settlement. Incarcerated parties may not be able to attend the initial case management conference or other conferences.  If incarcerated parties do not have counsel, a family member or other representative may attend the conference.  If a representative is designated, the representative should call Chambers at (212) 805-0230 and ask for the location of the conference.  The Judge will also have a transcript of the conference sent to the incarcerated party.  If an incarcerated party does not have counsel and a representative

cannot attend a conference, the *pro se* party should write to the Judge regarding any issue the *pro se* party wishes to have addressed at the conference.

## TRIAL DOCUMENTS

14. **Within 30 days** of the completion of discovery, unless otherwise ordered by the Court, a *pro se* plaintiff shall file a concise Pretrial Statement. This Statement need not take any particular form, but it **must** contain the following: 1) a statement of the facts the plaintiff hopes to prove at trial; 2) a list of all documents or other physical objects that the plaintiff plans to put into evidence at trial; and 3) a list of the names and addresses of all witnesses the plaintiff intends to have testify at trial. The Statement must be sworn by the plaintiff to be true and accurate based on the facts known by the plaintiff. The *pro se* plaintiff shall submit an original of this Statement to the *Pro Se* Office (or on ECF, if the Court has approved a *pro se* plaintiff's Motion for Permission for Electronic Case Filing) and serve a copy on all defendants or their counsel, if they are represented. The original Statement must include a certificate stating the date a copy was mailed (or served on ECF, if applicable) to the defendant(s) or their counsel. **Two weeks after** service of the plaintiff's Statement, the defendant(s) must file and serve a similar Statement containing the same information.

15. At the time of filing the Pretrial Statement, any parties represented by counsel must also submit proposed Findings of Fact and Conclusions of Law, if the case is to be tried to the Court, or a proposed Jury Charge, if it will be tried before a jury. In addition, the *pro se* party may file (but is not required to file) either proposed Findings of Fact and Conclusions of Law or a proposed Jury Charge.

## *PRO SE* CLINIC

16. This District offers a *Pro Se* Law Clinic to assist non-incarcerated persons who are parties in civil cases and do not have lawyers. The Clinic may be able to provide a non-incarcerated *pro se* litigant with advice in connection with the *pro se* party's case. The *Pro Se* Law Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the Court (and therefore cannot, among other things, accept paper filings on behalf of the Court, which must still be made by any unrepresented party through the *Pro Se* Intake Unit). An unrepresented party can make an appointment with [NYLAG](#) by completing [an intake form online or via smartphone](#); by visiting the kiosk at the Courthouse; or by calling (212) 659-6190 and leaving a message.

Effective: January 6, 2023

**INDIVIDUAL RULES AND PRACTICES IN CIVIL CASES**
**JENNIFER H. REARDEN, United States District Judge**

| **Chambers** | **Courtroom** |
|---|---|
| United States District Court | Courtroom 15A |
| Southern District of New York | 500 Pearl Street |
| 500 Pearl Street, Room 1010 | |
| New York, NY 10007 | |
| (212) 805-0230 | |
| ReardenNYSDChambers@nysd.uscourts.gov | |

**Unless otherwise ordered by Judge Rearden, these Individual Rules and Practices apply to all civil matters except for civil *pro se* cases, which shall follow Judge Rearden's Individual Rules and Practices in Civil *Pro Se* Cases, available at https://www.nysd.uscourts.gov/hon-jennifer-h-rearden.**

1. **Guidelines for All Submissions**

    A. **ECF.** In accordance with the S.D.N.Y. Electronic Case Filing Rules and Instructions, except as otherwise expressly provided, all documents required to be filed with the Court must be filed electronically. Counsel must register promptly as ECF filers and enter an appearance in the case. Counsel are responsible for updating their contact information on ECF as needed, and for checking the docket regularly, regardless of whether they receive an ECF notification of case activity. For assistance with updating contact information, please contact the ECF Help Desk at helpdesk@nysd.uscourts.gov or (212) 805-0800; do not file a letter-motion advising the Court of the change.

    B. **Text-Searchable Submissions.** Every electronic submission, except for submissions that shall be provided in Microsoft Word format as required under these Rules and Practices, or as otherwise provided in the S.D.N.Y. Electronic Case Filing Rules and Instructions, should be in text-searchable format created by converting the document electronically to PDF. Whenever possible, if a PDF is created by scanning a printed document (for instance, in the case of a pre-existing documentary exhibit), the party should use software to render the PDF text-searchable.

    C. **Formatting.** Unless otherwise ordered by the Court or as set forth in these Rules and Practices, the typeface, margins, and spacing of all papers submitted to the Court shall conform to the requirements of the S.D.N.Y. Local Rules, including Local Civil Rule 11.1.

2. **Communications with Chambers**

    A. **Letters.** Except as provided below, communications with Chambers shall be by letter, **not to exceed five double-spaced pages**. Letters should be filed electronically

7

on ECF in accordance with the S.D.N.Y. Electronic Case Filing Rules and Instructions.  Letters seeking relief should (if consistent with the S.D.N.Y. Local Rules and the S.D.N.Y. Electronic Case Filing Rules and Instructions) be filed on ECF as letter-motions in accordance with Rule 5.J below, **not** as ordinary letters.  Copies of correspondence between counsel shall not be sent to the Court, except as exhibits to a properly filed document.

B. **Telephone Calls.**  Communications with Chambers, including requests for extensions or adjournments, shall be by letter or letter-motion filed on ECF in accordance with these Rules and Practices.  For questions that cannot be answered by reference to these Rules and Practices, or for urgent matters requiring immediate attention, call Chambers at (212) 805-0230.

C. **Faxes.**  Faxes to Chambers are not permitted.

D. **Hand Deliveries.**  Hand deliveries should be left with the Court Security Officers at the Worth Street entrance of the Courthouse.  If a hand delivery requires the Court's immediate attention, ask the Court Security Officers to notify Chambers that an urgent package has arrived.

E. **Requests for Adjournments or Extensions of Time.**  All requests for extensions of time or adjournment of motions, pretrial conferences, or other matters must be made not less than **two business days** before the scheduled deadline or date.  All such requests must be made in writing and filed on ECF as letter-motions, and should state: (1) the original date; (2) the number of previous requests for adjournment or extensions of time; (3) whether those previous requests were granted or denied; (4) the reason(s) for the requested extension; (5) whether the adversary consents, and, if not, the reason(s) given by the adversary for declining to consent; and (6) the date of the parties' next scheduled appearance before the Court, as well as any other existing deadlines, and whether the requested adjournment or extension would affect those other deadlines or any other scheduled dates.  If the requested adjournment or extension would affect any other scheduled deadlines or dates, a proposed Revised Scheduling Order must be attached.  A Microsoft Word version of the Revised Scheduling Order must be emailed to ReardenNYSDChambers@nysd.uscourts.gov.  Requests for extensions made after the expiration of the original deadline or date will ordinarily be denied.

F. **Related and Consolidated Cases.**  After an action has been accepted as *related to* a prior filing, all future court papers and correspondence must contain the docket number of the new filing, as well as the docket number of the case to which it is related (*e.g.*, 12 Civ. 1234 [rel. 11 Civ. 4321]).  After two or more actions have been *consolidated for all purposes* under a single docket number pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure, all future court papers and correspondence should be filed only under that docket number and should reference only that docket number.

3. **Conferences**

A. **Attendance by Principal Trial Counsel.**  The attorney who will serve as principal trial counsel must appear at all conferences with the Court.

B. **Initial Case Management Conference.**  The Court will generally schedule a Federal Rule of Civil Procedure 16 conference within two months of the filing of the Complaint.  The Notice of Initial Pretrial Conference will be filed on ECF.  The Notice will direct the parties to file on ECF, approximately one week prior to the conference, a joint proposed Case Management Plan and Scheduling Order (using Judge Rearden's fillable Civil Case Management Plan and Scheduling Order), as well as a joint letter.  At that time, one courtesy copy of the pleadings should also be emailed to ReardenNYSDChambers@nysd.uscourts.gov.

   i. At the conference, all parties should be prepared to discuss any pending or anticipated motions, as well as the basis for subject matter jurisdiction.

   ii. In cases invoking the Court's diversity jurisdiction, the parties' joint letter must state:

      a. If any party is a corporation, that party's place of incorporation and the principal place of business, as defined in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

      b. If any party is a partnership, limited partnership, limited liability company, or trust, the citizenship of each entity's members, shareholders, partners, and/or trustees.

C. **Discovery Disputes.**  Follow Local Civil Rule 37.2 of the S.D.N.Y. Local Rules, with the following modifications: Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party—in person, virtually, or by telephone—in an effort to resolve the dispute.  Conferring in writing does not satisfy this requirement.  If the dispute is not resolved, the party may file a letter-motion on ECF pursuant to Rule 5.J below, **not to exceed six double-spaced pages**, explaining the nature of the dispute and requesting an informal conference.  Such a letter-motion must include a representation that the parties engaged in a good faith meet-and-confer process that proved unsuccessful.  If the opposing party wishes to respond to the letter-motion, it should call Chambers promptly to advise that a responsive letter will be forthcoming.  Any such responsive filing shall **not exceed six double-spaced pages** and must be filed on ECF within **three business days** of the filing of the letter-motion.  Consistent with Local Civil Rule 5.1, any letter-motion or responsive filing shall quote or attach only those portions of the depositions, interrogatories, requests for documents, requests for admissions, or other discovery or disclosure materials, together with the responses and objections thereto, that are the subject of the discovery dispute or are otherwise cited in the party's filing.  No other documents shall be submitted absent further order of the Court.

D. **Participation by Junior Attorneys.**  To assist in the training of the next generation of attorneys, the Court strongly encourages relatively inexperienced attorneys—in particular, attorneys with less than five years' experience—to participate in all

9

courtroom proceedings.  Further, the Court is amenable to having multiple attorneys speak on behalf of a single party if doing so creates an opportunity for a lawyer who is relatively inexperienced.  All attorneys appearing before the Court should be prepared to address any matters likely to arise at the proceeding and must have the authority to bind their clients with respect to the matters reasonably anticipated to be addressed (for example, by agreeing to a discovery or briefing schedule).

4. **Applications for Temporary Restraining Orders**

    A. Any party wishing to seek a temporary restraining order should file a motion for a temporary restraining order, supporting documents, and a proposed order on ECF in accordance with the procedures in the S.D.N.Y. Electronic Case Filing Rules and Instructions.  Information on filing an application *ex parte* may be found in Section 6 of the Electronic Case Filing Rules and Instructions.  Where the motion is made on notice to the other parties, the movant should simultaneously serve the documents on any party that will not receive electronic service on ECF.

    B. Unless the requirements of Federal Rule of Civil Procedure 65(b) are met, the movant shall confer with its adversary before making an application for a temporary restraining order or other emergency relief.

    C. In addition to filing the proposed temporary restraining order in accordance with the S.D.N.Y. Electronic Case Filing Rules and Instructions, the movant shall file a letter-motion stating whether:

        i. The adversary has been notified, and whether the adversary consents to temporary injunctive relief; or

        ii. The requirements of Federal Rule of Civil Procedure 65(b) are satisfied, and no notice is necessary.

    D. If the movant's adversary has been notified but does not consent to temporary injunctive relief, the movant must bring the application to the Court at a mutually agreeable time, so that the Court may hear argument from both sides in reaching a determination.

    E. The movant should then email ReardenNYSDChambers@nysd.uscourts.gov, giving notice of the filing and the time frame requested for Court action.  Where the motion is made on notice, all parties should be copied on the email.  If the matter is time sensitive and Chambers does not respond within two hours, the movant may call Chambers before the end of the business day at (212) 805-0230.

5. **Motions**

    A. **Pre-Motion Conferences in Civil Cases.**  A pre-motion conference is required only for discovery-related motions (including discovery letter-motions addressed in Rule

3.C).  A pre-motion conference will not be held for any other motion.  To arrange a pre-motion conference, follow Rule 3.C governing discovery disputes.

B. **Memoranda of Law.**  Motion papers must conform to Local Civil Rule 11.1 of the S.D.N.Y. Local Rules, including the requirements for typeface, margins, and spacing.  Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are **limited to 25 double-spaced pages**, and reply memoranda are **limited to 10 double-spaced pages**.  **All memoranda**, regardless of length, shall contain a table of authorities.  Memoranda of 10 pages or more shall include a table of contents.  Neither the table of authorities nor the table of contents shall count against the page limit.  Sur-reply memoranda will not be accepted absent leave of the Court.  Requests to exceed these page limits, except for replies, must be made **five business days** before the deadline.  Requests to exceed the page limit for replies must be made **two business days** before the deadline.

C. **Filing of Motion Papers.**  Motion papers shall be filed promptly after service.

D. **Notices of Motions when Filing Under Seal.**  When leave is sought to file a motion under seal or with redactions, the parties must comply with Rule 9.

E. **Courtesy Copies.**  The movant shall email a courtesy copy of all motion papers, including oppositions, replies, and exhibits, to ReardenNYSDChambers@nysd.uscourts.gov.

F. **Oral Argument on Motions.**  Parties may request oral argument by letter (filed on ECF) at the time of filing their moving, opposing, or reply papers.  The letter shall detail why oral argument would be beneficial.  The requesting party's memorandum of law shall also include the words "ORAL ARGUMENT REQUESTED" on the cover page.  The Court will determine whether argument will be heard and, if so, will inform counsel of the argument date.

G. **Timetable for Deciding a Motion.**  If a motion is not decided within 60 days of the date that it was fully briefed, counsel for the movant shall email a letter to ReardenNYSDChambers@nysd.uscourts.gov.

H. **Preliminary Injunction Motions.**  The Court generally follows the procedure for the conduct of non-jury trials described in Rule 7.D below.

I. **Default Judgments.**  Any party seeking a default judgment must do so pursuant to the procedure set forth in Attachment A.  Per Attachment A, parties seeking default judgment shall not proceed by order to show cause.

J. **Letter-Motions.**  When letters seeking relief are permitted by the S.D.N.Y. Local Rules and the S.D.N.Y. Electronic Case Filing Rules and Instructions, including requests for adjournments, extensions, and pre-motion conferences, such letters shall be filed on ECF as letter-motions, **not** as ordinary letters.

11

K. **Proposed Orders, Stipulations, and Judgments.** All proposed orders, stipulations, and judgments must be submitted as attachments or exhibits to an application to the Court filed on ECF and must explain the purpose of the proposed order, stipulation, or judgment. The parties must also email a Microsoft Word version of proposed orders, stipulations, and judgments to ReardenNYSDChambers@nysd.uscourts.gov.

L. **Motions to Exclude Testimony of Experts.** Unless the Court orders otherwise, motions to exclude expert testimony, pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), line of cases, must be made by the deadline for dispositive motions and should not be treated as motions *in limine*.

M. **Summary Judgment Motions.**

  i. Absent good cause, the Court will not ordinarily have summary judgment practice in a non-jury case.

  ii. Any party moving for summary judgment shall provide all other parties with an electronic copy, in Microsoft Word format, of the movant's Statement of Material Facts Pursuant to Local Civil Rule 56.1 of the S.D.N.Y. Local Rules. Opposing parties must reproduce each entry in the movant's Rule 56.1 Statement and set out the opposing party's response directly beneath it. In any additional statements of material facts filed by an opposing party the first entry should be numbered where the movant left off. In addition, to streamline the summary judgment briefing process, the Court strongly encourages the parties to negotiate and submit, prior to or along with the movant's Rule 56.1 Statement, a Joint Rule 56.1 Statement setting out all facts on which the parties agree.

  iii. With respect to any deposition transcript that is supplied, in whole or in part, in connection with a summary judgment motion, the index to the deposition should be included if it is available.

  iv. The parties should provide the Court with an electronic, text-searchable copy of any hearing or deposition transcript, or portion thereof, on which the parties rely, if such a copy is available, unless doing so would be unduly burdensome.

  v. Memoranda of law should include sections discussing the relevant background and facts. Parties should not merely incorporate by reference their Local Civil Rule 56.1 Statements or Counterstatements.

6. **Other Pretrial Guidance**

  A. **Settlement Agreements.** The Court will not retain jurisdiction to enforce confidential settlement agreements. If the parties prefer that the Court retain jurisdiction to enforce an agreement, the parties must place the terms of their settlement agreement on the public record. The parties may either provide a copy of

  the settlement agreement for the Court to endorse or include the terms of their settlement agreement in their stipulation of settlement and dismissal.

  B. **Diversity Jurisdiction Cases.** In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332, the party asserting that such jurisdiction lies shall, prior to the Initial Pretrial Conference, file on ECF a letter **not to exceed six double-spaced pages**, explaining the basis for that party's position. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each entity's members, shareholders, partners, and/or trustees.

  C. **Bankruptcy Appeals.** Unless otherwise ordered, briefs must be submitted in accordance with the Federal Rules of Bankruptcy Procedure. Counsel may seek to extend the default deadlines by submitting a stipulation on ECF (with a courtesy copy in Microsoft Word format emailed to ReardenNYSDChambers@nysd.uscourts.gov), **not later than five business days** before the brief is due.

7. **Trial Procedures**

  A. **Joint Pretrial Order.** Unless otherwise ordered by the Court, **within 30 days** of the date for the completion of discovery, the parties shall file on ECF a proposed Joint Pretrial Order, which shall include the following:

  i. The full caption of the action.

  ii. The names, places of business, addresses, telephone numbers, and email addresses of trial counsel.

  iii. A brief statement by the plaintiff regarding the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all relevant statutes and facts as to citizenship and jurisdictional amount.

  iv. A brief summary by each party of the claims and defenses that the party asserts remain to be tried, including citations to any statutes on which the party relies. Such summaries shall also identify any claims and defenses previously asserted that are not to be tried. The summaries should not recite any evidentiary matter.

  v. A statement regarding the number of trial days needed and whether the case is to be tried to a jury.

  vi. A statement as to whether all parties have consented to trial by a Magistrate Judge, without identifying which parties do or do not consent.

    vii.    Any stipulations or statements of fact or law to which all parties consent. In a jury case, the parties should memorialize any stipulations or agreed statements of fact in a standalone document that can be marked and admitted at trial.

    viii.    A list of all trial witnesses, indicating whether such witnesses will testify in person or by deposition, whether such witnesses will require an interpreter (and, if so, which party will pay for the interpreter), and a brief summary of the substance of each witness's testimony. Absent leave of Court, a witness listed by both sides shall testify only once (with the defendant permitted to go beyond the scope of the direct on cross-examination). Counsel should confer regarding scheduling.

    ix.    A designation by each party of deposition testimony to be offered in its case in chief and any counter-designations and objections by any other party. In addition to a designation list, the parties shall provide the complete deposition transcripts with color-coded highlighting indicating the portions designated by each party and the objections listed in the margins.

    x.    A list from each party of exhibits to be offered in its case in chief, with one asterisk indicating exhibits to which no party objects on grounds of authenticity, and two asterisks indicating exhibits to which no party objects on any ground. If a party objects to an exhibit, the objection should be noted by indicating the grounds for the objection, with citations to the Federal Rules of Evidence and any other authority. Objections not made will be waived. If any party believes that the Court should rule on the objection in advance of trial, that party should include a notation to that effect (e.g., "Advance Ruling Requested").

    xi.    A statement of the damages claimed and any other relief sought, including the manner and method used to calculate any claimed damages and a breakdown of the elements of such claimed damages.

    xii.    A statement of whether the parties consent to less than a unanimous verdict.

**B. Required Pretrial Filings.** Each party shall file and serve with the Joint Pretrial Order:

    i.    In **all** cases, motions addressing any evidentiary issues or other matters that should be resolved *in limine*.

    ii.    In **all** cases where a party believes it would be useful to the Court, a Pretrial Memorandum of Law.

    iii.    In **jury** cases, requests to charge and proposed *voir dire* questions.

  iv. In **non-jury** cases, proposed Findings of Fact and Conclusions of Law. The proposed findings of fact should be detailed and should include citations to the proffered trial testimony and exhibits, as there may be no opportunity for post-trial submissions.

C. **Additional Submissions in Jury Cases.** At the time the Joint Pretrial Order is filed in a jury case, each party shall **mail or hand deliver** to the Court and serve on opposing counsel, but not file on ECF, all documentary exhibits and demonstratives. All exhibits shall be submitted to Chambers in digital form on a CD-ROM, DVD, flash drive, or external hard drive; in addition, the Court shall be provided with a hard copy set of the exhibits. All exhibits should be pre-marked. With documentary exhibits, the parties shall also email a list of all exhibits sought to be admitted, both in hard copy and in Microsoft Word format, to ReardenNYSDChambers@nysd.uscourts.gov. The list shall contain four columns labeled as follows: (1) "Exhibit No."; (2) "Description" (of the exhibit); (3) "Date Identified"; and (4) "Date Admitted." The parties shall complete the first two columns but leave the third and fourth columns blank, for use by the Court. Counsel shall ensure that they have custody of all original exhibits. The Court does not retain them, and the Clerk is not responsible for them. Demonstratives that will not be introduced into evidence need not be listed, but they must be shared with the Court and opposing counsel.

D. **Additional Submissions in Non-Jury Cases.** At the time the Joint Pretrial Order is filed in a non-jury case, each party shall **mail or hand deliver** to the Court and serve on opposing counsel, but not file on ECF, the following:

  i. Copies of affidavits constituting the direct testimony of each trial witness, except for the direct testimony of an adverse party, a person whose attendance is compelled by subpoena, or a person from whom the Court has agreed to hear live direct testimony at trial. **Three business days** after submitting such affidavits, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at trial. Only those witnesses who will be cross-examined need appear at trial. The original signed affidavits should be brought to trial to be marked as exhibits.

  ii. At the close of trial, the affidavits constituting the direct testimony of all witnesses who were called at trial shall be publicly filed on ECF by the party who called the witnesses.

  iii. All deposition excerpts that will be offered as substantive evidence, as well as a **one-page** synopsis of the excerpts from each deposition. Each synopsis shall include page citations to the pertinent pages of the deposition transcripts.

  iv. All documentary exhibits shall be submitted to Chambers in digital form on a CD-ROM, DVD, flash drive, or external hard drive; the most critical exhibits may also be submitted in hard copy. The parties shall email a Microsoft Word

> document listing all exhibits sought to be admitted to
> ReardenNYSDChambers@nysd.uscourts.gov.

E. **Filings in Opposition.** Any party may file the following documents within **one week** of the filing of the Joint Pretrial Order, but **not less than three business days** before the scheduled trial date:

  i. Objections to another party's requests to charge or proposed *voir dire* questions.

  ii. Opposition to any motion *in limine*.

  iii. If the party has submitted a Pretrial Memorandum of Law pursuant to Rule 7.B.ii, a reply to any unanticipated legal argument in another party's Pretrial Memorandum.

F. **Courtesy Copies.** Two courtesy copies of all documents identified in Rules 7.A, B, D.i, and E above should be **mailed or hand delivered** to Chambers on the date on which they are to be served or filed.

8. **Policy on the Use of Electronic Devices**

  A. **Standing Order M10-468.** Attorneys' use of personal electronic devices (including mobile phones) and general purpose computing devices (such as laptops and tablets) within the Courthouse and its environs is governed by Standing Order M10-468. When Court permission is required under the Standing Order, attorneys seeking to bring electronic devices to the Court should email a completed Model Court Order to ReardenNYSDChambers@nysd.uscourts.gov **five business days before** the relevant trial or hearing. Upon the Court's approval, Chambers will coordinate with the District Executive's Office to issue the order and forward a copy to counsel. The order must be presented upon bringing the electronic device(s) into the Courthouse.

  B. **Mobile Phones.** The Court welcomes parties to use mobile phones appropriately in the courtroom. As noted in Standing Order M10-468, however, phones must be silenced at all times. Non-compliance with this Rule will result in forfeiture of the device for the remainder of the proceeding.

  C. **General Purpose Computing Devices.** In order for an attorney to bring any "General Purpose Computing Device," as defined in Standing Order M10-468, into the Courthouse, the attorney should email a completed Model Court Order to Chambers pursuant to Rule 8.A. As noted in the Standing Order, all General Purpose Computing Devices must be silenced at all times. Non-compliance with this Rule will result in forfeiture of the device or equipment for the remainder of the proceeding.

9. **Redactions and Sealed Filings**

A. **Redactions Not Requiring Court Approval.** The parties are referred to Federal Rule of Civil Procedure 5.2 and the S.D.N.Y. ECF Privacy Policy ("Privacy Policy"). Without prior permission from the Court, parties may redact two categories of information from public court filings: "sensitive information," and information requiring "caution." Unless necessary, parties should not include in public filings the five categories of "sensitive information" (i.e., social security numbers [use the last four digits only], names of minor children [use the initials only], dates of birth [use the year only], financial account numbers [use the last four digits only], and home addresses [use the City and State only]). Without Court approval, parties may also redact from public filings the six categories of information requiring "caution" described in the Privacy Policy (i.e., any personal identifying number, medical records [including information regarding treatment and diagnosis], employment history, individual financial information, proprietary or trade secret information, and information regarding an individual's cooperation with the Government).

B. **Redactions and Sealed Filings Requiring Court Approval.** Except for redactions permitted by Rule 9.A, all redactions or sealing of public court filings require Court approval. To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must otherwise be consistent with the presumption in favor of public access to judicial documents. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). In general, the parties' consent, or the fact that information is subject to a confidentiality agreement between litigants, is not sufficient to overcome the presumption in favor of public access to judicial documents. *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

C. **Procedures for Filing Sealed or Redacted Documents.** Any party seeking to file a document under seal or in redacted form shall proceed as follows:

   i. **Meet and Confer.** The party seeking leave to file sealed or redacted materials should meet and confer with any opposing party (or any third party seeking confidential treatment of the information) in advance to narrow the scope of the request. When a party seeks leave to file a document under seal or in redacted form on the ground that an opposing party or third party has requested it, the filing party shall notify the opposing party or third party that it must file on ECF, within **three business days** of the filing party's letter-motion seeking leave to file under seal or in redacted form, a letter explaining the need to seal or redact the document.

   ii. **Sealed Document(s).** The party shall electronically file a letter-motion seeking leave to file a document under seal on ECF in accordance with Standing Order 19-MC-583 and Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions. The letter-motion itself shall be filed in public view, should explain the reasons for seeking to file the document under seal, and should not include confidential information. The proposed sealed document shall be separately and contemporaneously filed under seal on ECF

    (with the appropriate level of restriction) and electronically related to the motion (or to the relevant Court order, if the Court previously granted leave to file the document under seal).  Note that the summary docket text, but not the document itself, will be open to public inspection and, thus, should not include confidential information sought to be filed under seal.

  iii. **Redacted Document(s).**  Where a party wishes to file a document in redacted form, the party shall electronically file a letter-motion seeking leave to file a document in redacted form on ECF in accordance with Standing Order 19-MC-583 and Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions.  The letter-motion itself shall be filed in public view, should explain the reasons for seeking to file the document in redacted form, and should not include confidential information.  At the same time, the party shall: (1) publicly file on ECF and electronically relate to the letter-motion a copy of the document with the proposed redactions; and (2) file under seal on ECF (with the appropriate level of restriction) and electronically relate to the motion an unredacted copy of the document with the proposed redactions highlighted.

  iv. **Submission by Email.**  Any party unable to comply with the requirement for electronic filing under seal on ECF, or who believes that a particular document should not be electronically filed at all, shall file a letter-motion by email, seeking leave of the Court to file in a different manner.  Such letter-motions may be emailed to ReardenNYSDChambers@nysd.uscourts.gov as text-searchable PDF attachments, with copies simultaneously delivered to all counsel.  In the subject line, the cover email should state clearly: (1) the caption of the case, including the lead party names and docket number; and (2) a brief description of the contents of the letter.  Parties shall not include substantive communications in the body of the email.  Unless otherwise ordered by the Court, letter-motions seeking leave to file in a different manner **shall not exceed five double-spaced pages**.

**10. Protective Orders.**  All parties wishing to propose a protective order must submit a proposed protective order that conforms as closely as possible to the Court's model Protective Order.  The proposed protective order must be accompanied by a cover letter that states whether the parties have adopted, without alteration, the Court's model Protective Order, or whether the parties propose alterations.  Any proposed changes must be reflected in a redline that should be filed as an exhibit to the proposed protective order.

**ATTACHMENT A**                                                    Effective: January 6, 2023

**DEFAULT JUDGMENT PROCEDURE**

1. Wait **not less than 30 days** after service is effected to allow for receipt of an appearance by mail.

2. Pursuant to Federal Rule of Civil Procedure 55(a) and Local Civil Rule 55.1 of the S.D.N.Y. Local Rules, obtain a Certificate of Default for each defaulting party. Consistent with ECF Rule 16.1 of the S.D.N.Y. Electronic Case Filing Rules and Instructions, the party seeking a default judgment must file on ECF a completed Proposed Clerk's Certificate of Default Form and an affidavit or declaration in support of the request containing the information required by Local Civil Rule 55.1. Only after the Clerk has reviewed the party's request and the Clerk's Certificate of Default is entered on the docket may a party seek a default judgment.

3. A party seeking a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1) shall do so in accordance with Local Civil Rule 55.2(a) of the S.D.N.Y. Local Rules and ECF Rule 16.4 of the S.D.N.Y. Electronic Case Filing Rules and Instructions.

4. A party seeking a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2(b) of the S.D.N.Y. Local Rules, shall file a motion for default judgment on ECF. A party seeking a default judgment should **not** proceed by order to show cause.

5. In connection with the motion for default judgment in Paragraph 4 above, a movant shall file the following on ECF:

    a. An attorney's declaration or affidavit setting forth the basis for entering a default judgment, including:

        i. A description of the method and date of service of the summons and complaint;
        ii. The procedural history beyond service of the summons and complaint, if any;
        iii. Whether, if the default is applicable to fewer than all of the defendants, the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action;
        iv. The proposed damages and the basis for each element of damages, including interest, attorneys' fees, and costs;
        v. Evidence in support of the proposed damages, including contemporaneous records and other such documentation; and
        vi. Legal authority for why an inquest into damages is or is not necessary.

    b. A proposed default judgment.

    c. Copies of all of the pleadings.

    d. A copy of the affidavit of service of the summons and complaint.

    e. A Certificate of Default from the Clerk of Court.

6. One courtesy copy of each of the documents listed in Paragraph 5 shall be mailed or hand delivered to the Court. In addition, one courtesy copy of each of the documents listed in Paragraph 5(a), (b), (d), and (e) shall be emailed to ReardenNYSDChambers@nysd.uscourts.gov. In accordance with Rule 1.B, except for the proposed default judgment listed in Paragraph 5(b), which shall be transmitted to the Court in Microsoft Word format, such documents shall be provided to the Court in text-searchable PDF format.

7. Consistent with Local Civil Rule 55.2(c) of the S.D.N.Y. Local Rules, all papers submitted to the Court in connection with a default judgment referenced in Paragraphs 3-5 above shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual), or the last known business address of such party (if a person other than an individual). Proof of such mailing shall be filed with the Court on ECF. If the mailing is returned, a supplemental affidavit shall be filed with the Court setting forth that fact, together with the reason provided for return, if any.

8. The Court will review the motion for default judgment and, if appropriate, issue an order setting a date and time for a default judgment hearing. If the Court issues such an order, the movant must then serve on the party against whom default judgment is sought the Court's order setting a date and time for the hearing. The plaintiff must file proof of such service on the docket in the manner and date specified in the Court's order.